16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 MINIDOKA IRRIGATION DISTRICT, Plaintiff-Appellant,
v.
The UNITED STATES DEPARTMENT OF INTERIOR; Bruce Babbitt,
Secretary of the Interior; Dennis Underwood, Commissioner
of Reclamation; John W. Keys, III, Regional Director of
Reclamation, Defendants-Appellees.
 No. 93-1330.
 United States Court of Appeals, Federal Circuit.
 Dec. 2, 1993.
Rehearing Denied Feb. 2, 1994.
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Minidoka Irrigation District (MID) appeals from the order of the United States District Court for the District of Idaho granting the government's motion to transfer MID's action against the United States to the United States Court of Federal Claims pursuant to 28 U.S.C. Sec. 1631 (1988) and denying MID's motion to strike the government's motion to transfer. Minidoka Irrigation Dist. v. Department of the Interior, Civil No. 91-0529-S-HLR (D.Idaho Jan. 27, 1993) (order). Because the district court erred in concluding that it does not have subject matter jurisdiction over MID's action, we reverse and remand.
 
 DISCUSSION
 
 2
 MID is one of two irrigation districts in the Minidoka Irrigation Project on the Snake River in the state of Idaho. The Project was established and developed by the federal government under the Reclamation Act of 1902, 32 Stat. 388 (1902) (codified at scattered sections of Title 43, United States Code). In 1904, the Minidoka Dam was erected by the government to divert water from the Snake River onto Project lands. The government subsequently constructed an electric power plant below the Minidoka Dam, the first units of which became operational in 1909.
 
 
 3
 On December 2, 1916, MID and the government entered into a contract pursuant to which title to the irrigated land and distribution facilities was transferred to MID. The government retained title to the Minidoka Dam and power plant. In 1927, MID and the government entered into a contract providing that certain profits from the sale of surplus power generated by the Minidoka power plant would be credited to MID, pursuant to subsections I and J of the Fact Finder's Act of 1924, 43 Stat. 703 (1924) (codified at 43 U.S.C. Secs. 501 and 526, respectively).
 
 
 4
 On December 10, 1991, MID filed suit against the United States in the United States District Court for the District of Idaho, seeking to enforce its rights to receive Subsection I and J credits. The government moved to transfer the action to the U.S. Court of Federal Claims, claiming that MID's action was one for monetary compensation against the United States in excess of $10,000 and thus came exclusively within the jurisdiction of the Court of Federal Claims, pursuant to 28 U.S.C. Secs. 1346(a)(2), 1491(a)(1) (1988). In response, MID maintained that jurisdiction over its action arose from 43 U.S.C. Sec. 390uu, which MID claimed expressly waived sovereign immunity, granted subject matter jurisdiction, and determined venue respecting suits against the government involving contracts executed pursuant to federal reclamation law.*
 
 
 5
 The district court rejected MID's interpretation of section 390uu and held that waiver of sovereign immunity under this provision "occurs in cases 'dealing with contracts arising under Reclamation Law' only when the United States is joined as a necessary party defendant," i.e., joined as a party in a lawsuit originally commenced against another party. Slip op. at 5. The court agreed with the government that the Court of Federal Claims possessed exclusive jurisdiction over the action and granted the motion to transfer.
 
 
 6
 We have appellate jurisdiction over MID's appeal from the district court's interlocutory order pursuant to 28 U.S.C. Sec. 1292(d)(4)(A) (Supp. IV 1992). "We review the district court's decision to transfer the case to the Court of Federal Claims de novo because it is jurisdictional." Benderson Dev. Co., Inc. v. United States Postal Serv., 998 F.2d 959, 962 (Fed.Cir.1993). Although on appeal MID no longer meaningfully argues that section 390uu vests jurisdiction in the district court to hear its claims, we consider this issue sua sponte. See Lake County Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 398 (1979). Resolution of this question depends on the proper interpretation of section 390uu, which is a matter of law subject to de novo review. See Commercial Energies, Inc. v. United States, 929 F.2d 682, 684 (Fed.Cir.1991).
 
 
 7
 The starting point in interpreting a statute is its language. Good Samaritan Hosp. v. Shalala, 113 S.Ct. 2151, 2157 (1993). When the meaning of a statute is plain, we apply the statute as written. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1579 (Fed.Cir.1990), cert. denied, 499 U.S. 922 (1991). When the statute is not clear on its face, we must interpret the statute as a whole, in light of its structure and purpose. See Wilson v. United States, 917 F.2d 529, 534-35 (Fed.Cir.1990) (in banc), cert. denied, 111 S.Ct. 2825 (1991). Section 390uu provides that
 
 
 8
 [c]onsent is given to join the United States as a necessary party defendant in any suit to adjudicate, confirm, validate, or decree the contractual rights of a contracting entity and the United States regarding any contract executed pursuant to Federal reclamation law. The United States, when a party to any suit, shall be deemed to have waived any right to plead that it is not amenable thereto by reason of its sovereignty, and shall be subject to judgments, orders, and decrees of the court having jurisdiction, and may obtain review thereof, in the same manner and to the same extent as a private individual under like circumstances. Any suit pursuant to this section may be brought in any United States district court in the State in which the land involved is situated.
 
 
 9
 43 U.S.C. Sec. 390uu.
 
 
 10
 In holding that the plain meaning of section 390uu indicates that the United States has not consented to be sued as the sole defendant concerning a contract executed pursuant to reclamation law, the district court determined that the phrase "join as a necessary party defendant" contemplated the type of joinder as described in Rule 19 of the Federal Rules of Civil Procedure. See slip op. at 6. Thus, the court concluded that section 390uu was not properly invoked in the instant case because MID sued the government alone and did not later join it as a necessary party defendant along with other defendants.
 
 
 11
 The district court's construction might have been more justified if section 390uu ended with its first sentence. However, the district court's narrow interpretation is contradicted by the remaining language of the statute. The statute goes on to provide that the United States waives its immunity "when [it is] a party to any suit," and does not restrict such waiver to those cases in which the United States is joined as a party to any existing suit.
 
 
 12
 Moreover, the statute authorizes a party to bring "[a]ny suit pursuant to this section" in any district court in the State in which the land involved is situated. Such suits expressly include adjudication of rights secured by a reclamation contract executed between a contracting entity and the United States. Suits pursuant to section 390uu are necessarily brought against the government by a party to a reclamation contract with the government. See, e.g., Bostwick Irrigation Dist. v. United States, 900 F.2d 1285 (8th Cir.1990) (contracting entity brought suit against the government under section 390uu for equitable relief from alleged government modification of reclamation contract); Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F.Supp. 715 (E.D.Cal.1993) (contracting entities sought damages from the government under section 390uu for alleged breach of reclamation contract). The district court's interpretation limiting the government's waiver of immunity ignores the reality of litigation under the Reclamation Act and therefore misconstrues the meaning of the statute.
 
 
 13
 Thus, upon consideration of the language of the statute as a whole, we cannot agree that section 390uu requires that the government be "joined" in the strict, technical Rule 19 sense. Rather, the statute plainly manifests that the United States has consented unconditionally to be sued to adjudicate rights arising from a reclamation contract. This interpretation gives meaning to all the language of the statute. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 111 S.Ct. 2166, 2168 (1991). Furthermore, the legislative history confirms that section 390uu was intended to provide a broad waiver of sovereign immunity in suits brought by a party to a reclamation contract. See H.R.Conf.Rep. No. 855, 97th Cong., 2d Sess. 33 (1982) (section 390uu "gives the consent of the United States to be sued to determine the rights of any entity which is a party to a reclamation contract with the United States. The provision is a waiver of the sovereign immunity of the United States.").
 
 
 14
 Section 390uu also provides the requisite clear waiver of sovereign immunity allowing MID to sue the United States in the district court in which the involved land is situated, in this case, Idaho. See Broughton Lumber Co. v. United States, 939 F.2d 1547, 1550 (Fed.Cir.1991). That MID may have raised claims that also invoke Tucker Act jurisdiction does not deprive the district court of jurisdiction. See Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48 (1988). Congress has expressly authorized the district court to hear MID's claims under section 390uu.
 
 
 15
 Accordingly, we hold that the district court erred in concluding that it lacks subject matter jurisdiction. The district court's grant of the government's motion to transfer is reversed and the case is remanded to the district court for further proceedings.
 
 
 
 *
 MID also asserted jurisdiction under 28 U.S.C. Secs. 1331, 1361, and 2201. Because the issue respecting section 390uu is dispositive of the instant case, we need not address whether the district court had jurisdiction under these provisions