746

George C. ARMITAGE, Alan P. King, Ronnie A. Lewis, Kerry B. Swiggum, Michael D. Sword, Eric Aikin, Brian C. Cornett, Charles August Franco, William J. Greaves, John E. Griffiths, Jr., Scott W. Haygood, William J. Hull, Richard C. Kohr, Jesse R. Lewis, Jr., Lisa K. Lyons, Terry F. Lyons, Mark D. Marr, D.J. Moore, Dale Wayne Polley, Ronald L. Porter, James David Stokes, Scott L. Thompson, Thomas P. Whalen, Olen S. Williams, Alfred W. Hill, Dennis R. Figgeroa, Nelson Rosado, Robert Marvin, Richard A. Adams, Sr., Melvin Allen, Sr., Robert S. Anderson, James E. Bates, Linwood T. Binford, Richard Bostic, Kenny R. Burger, Anthony L. Cash, Thomas Chandler, James C. Cole, Sr., Thomas E. Cole, Edward C. Costan-

zo, Joe H. Craig, Ronald M. Crowder, George L. Davis, John Lee Davis, Raymond E. Davis, John E. Diggs, Alvelino D. Espeleta, Alfred Y. Evans, John T. Ferguson, Sr., Edmund N. Freil, Terry T. Gaither, Jennie Bee Gay, Marvin E. Gilpin, Livingston Glasgow, David K. Gravel, Patricia Greer, Wilfred Guillory, James W. Hackett, Jr., James H. Hale, Samuel L. Hampton, George Harris, Jr., Donald E. Howell, George A. Hudson, Larry W. Jackson, Thomas M. Jacobs, Jr., Charlie Johnson, Jr., Edward H. Johnson, Bradford R. Jones, David R. Keeler, Moses B. Kelly, Orlando W.E. Lee, Tinnie M. Lewis, Eugene W. Master, Jr., William E. Moloney, William M. Moore, Reginald E. Mumley, William F. Perry, Antonio R. Poblete, Sandra Dee Porter, Robert Pratt, Bobby Lee Reaves, Lawrence R. Reid, Vincent Reid, Carlos E. Roman, Robert D. Romero, Daniell F. Ryan, Willie J. Salley, Kenneth E. Scott, Willie Sharber, Eural W. Simons, Lloyd G. Smith, Richard D. Smith, Thomas J. Stamper, Thomas C. Thayer, Joseph R. Tomarchio, Irvine D. Watkins, Quinton G. Weeks, Jackson Whitfield, Joseph Williams, Jr., Sharon L. Woodfork, Vernon R. Ostlund, Plaintiff–Appellees,

v.

**The UNITED STATES, Defendant–Appellant.**

No. 92–5157.

United States Court of Appeals, Federal Circuit.

April 12, 1993.

Ira M. Lechner, Katz & Ranzman, Washington, DC, argued, for plaintiff-appellees. With him on the brief was Michael B. Waitzkin, Nussbaum & Wald, of counsel.

Shalom Brilliant, Dept. of Justice, Washington, DC, argued, for defendant-appellant. On the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Agnes M. Brown, Atty., Commercial Litigation Branch, Dept. of Justice.

Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

The United States appeals from the judgment of the United States Claims Court granting, *inter alia*, plaintiffs' motion for summary judgment on their claim for Sunday premium pay for employees who were regularly scheduled to work on Sunday but who availed themselves of authorized annual or sick leave during the scheduled Sun-

day work hours. *Armitage v. United States*, 23 Cl.Ct. 483 (1991). We affirm.

## I

The single issue raised in this appeal is whether the "leave with pay" statutes of Title 5 sanction payment of Sunday premium pay for periods of authorized annual or sick leave taken by employees who are regularly scheduled to work on Sunday, but who do not actually work on the leave-taken days.

Appellees in this case, all of whom are either present or former federal police officers at various federal facilities, filed suit in the Claims Court claiming, pursuant to the "leave with pay" statutes, a right to receive, *inter alia*, Sunday premium pay for regularly scheduled Sunday hours even though absent from work on authorized annual or sick leave.[1]

The Claims Court concluded that under this court's precedent in *Lanehart v. Horner*, 818 F.2d 1574 (Fed.Cir.1987), the plaintiffs had a right to receive Sunday premium pay for regularly scheduled hours which were not worked, but for which they were charged with annual or sick leave, and granted summary judgment thereon:

> The court [in *Lanehart*] in effect found that the leave with pay statutes overcome the limitation that employees must actually have worked the hours to have them counted in the overtime calculations. The result should be the same here. Plaintiffs are entitled to Sunday premium pay [for Sunday hours] which [were] not worked but for which leave was charged.

*Armitage*, 23 Cl.Ct. at 493. The government timely appealed the judgment with respect to Sunday premium pay to this court.

## II

Summary judgment is appropriate when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a grant of summary judgment *de novo*. *National Cable Television Ass'n v. American Cinema Editors, Inc.*, 937 F.2d 1572, 1576 (Fed.Cir.1991); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987). The issue of statutory interpretation is also a question of law, which this court reviews *de novo*. *Commercial Energies, Inc. v. United States*, 929 F.2d 682, 684 (Fed.Cir. 1991); *Pasteur v. United States*, 814 F.2d 624, 626 (Fed.Cir.1987).

The pertinent "leave with pay" statutes of Title 5,[2] originally enacted as part of the Act of Sept. 6, 1966, Pub.L. No. 89–554, 80 Stat. 378 (codified as amended in various sections of 5 U.S.C. (1988)), entitle an employee to "leave with pay" for authorized periods of leave. In *Lanehart*, the court defined "pay" as used in the "leave with pay" statutes to mean "the total compensation or remuneration normally and regularly received by an employee." 818 F.2d at 1581.

The Sunday premium pay statute, originally enacted simultaneously with the "leave with pay" statutes, reads, in part:

> An employee who *performs work* during a regularly-scheduled 8–hour period of service ... a part of which is *performed* on Sunday is entitled to pay for the entire period of service at the rate of his basic pay, plus premium pay at a rate equal to 25 percent of his rate of basic pay.

5 U.S.C. § 5546(a) (1988) (emphasis added). The Office of Personnel Management (OPM) interpreted this statute to require that an employee must actually perform

---

1. The other issues raised below but not appealed were the plaintiffs' right, pursuant to the "leave with pay" statutes, to receive (i) pay for regularly scheduled overtime hours when leave is taken during the basic workday but when no leave is charged for the unworked overtime hours; and (ii) premium pay for regularly scheduled holiday hours when the holiday is not worked and no leave is charged. 23 Cl.Ct. at 484. The

Claims Court granted the government's motions for summary judgment on both issues.

2. Only two of the "leave with pay" statutes are at issue in this appeal: 5 U.S.C. §§ 6303 (annual leave) & 6307 (sick leave) (1988). *Lanehart* also involved interpreting 5 U.S.C. §§ 6322 (judicial leave) & 6323 (military leave) (1988).

work on Sunday before becoming eligible for Sunday premium pay:

> The definition[ ] of Sunday ... work ... [has] been modified to clarify that the *work must be performed by the employee* to be payable at premium rates....
>
> \*   \*   \*   \*   \*   \*
>
> If a full-time employee *performs work* on Sunday, he or she is entitled to Sunday pay if the Sunday work was scheduled as part of his or her basic 40–hour workweek....

48 Fed.Reg. 3931 (Jan. 28, 1983) (emphasis added); *see also* 5 C.F.R. § 550.103(*o*) (1992) ("Sunday work" defined as "non-overtime work performed by an employee...."). This case requires us to determine the relationship between the Sunday premium pay statute and the authorized sick and annual "leave with pay" statutes, a task remarkably similar to that confronting the court in *Lanehart*.

In *Lanehart*, we addressed the issue of whether the statutes in Title 5 authorizing federal employees to receive "leave with pay" entitled federal firefighters to undiminished pay for pay-periods in which authorized leave was taken in lieu of performing work for which they would have been eligible to receive overtime pay under the Fair Labor Standards Act of 1938, Pub.L. No. 718, ch. 676, 52 Stat. 1060 (codified as amended by the Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, 88 Stat. 55, at 29 U.S.C. §§ 201–219 (1988)) (FLSA). The case necessarily addressed the apparent tension between the "leave with pay" statutes and FLSA's requirement that only those hours during which the employee is actually on duty are includable as hours worked for the purpose of calculating FLSA overtime.

In *Lanehart*, the government attempted to rely on an OPM directive instructing federal agencies on the application of the FLSA to federal employees. Federal Personnel Manual (FPM) Letter No. 551–5 Attachment 2 (Jan. 15, 1975) (Ltr. 551–5 Attach. 2), as far as the government was concerned, specifically addressed the issue in *Lanehart* and required an employee to have actually worked the overtime before becoming entitled to receive overtime pay:

> Only those hours that the employee is actually on duty ... shall be included in hours worked under the FLSA. Paid time off during the work period ... shall *not* be included as hours worked [in computing FLSA overtime].

Ltr. 551–5 Attach. 2, at 4 (emphasis in original); *Lanehart*, 818 F.2d at 1576. We found this language to be inapposite, however, because instead of aiding interpretation of the "leave with pay" provisions of Title 5, it only pertained to interpreting the FLSA overtime provisions in Title 29. Whether or not overtime pay was recoverable under the FLSA was irrelevant to the issue of whether such premium pay was recoverable under the "leave with pay" statutes. *Id.* at 1578.

Because paid leave was "a matter of private contract between the parties," *id.* (quoting 29 C.F.R. § 778.219(a)(1) (1978)), wholly independent of the FLSA, and because we interpreted Congress to have indicated that the term "leave with pay" requires that pay "not be diminished in any way" while on leave, *id.* at 1582, we concluded that "the 'leave with pay' statutes ... *prevent any reduction in pay* in the customary and regular pay of the [firefighters], including overtime pay under Title 29 to which they would be entitled, when ... on authorized leave...." *Id.* at 1583 (emphasis added) (footnote omitted).[3]

The United States argues that we must distinguish this case from *Lanehart* on the grounds that the present case requires us to interpret only multiple sections of Title 5 of the United States Code rather than multiple sections of Title 5 and one section of Title 29, as in *Lanehart*. The government also relies on OPM's interpretations of the Sunday premium pay statute in its promulgated regulation, 29 C.F.R. § 778.219(a)(1), and directive, FPM Letter No. 550–16 (Aug.

---

**3.** Under *Lanehart*, only overtime pay under Title 29 for overtime work that was "on a regularly recurring basis and within the normal scheduled work period" may be included in an employee's "customary and regular" pay. 818 F.2d at 1583 n. 17.

5, 1966) (Ltr. 550–16),[4] arguing that we should defer to OPM's explanation of the statute. The government's argument in a nutshell is that section 5546(a) requires that only "[a]n employee who performs work" is eligible to receive Sunday premium pay. An employee who is on authorized leave does not perform work. Therefore the employee is not entitled to receive Sunday premium pay.

Contrary to the government's position, this case must be decided on the basic principle underlying and compelling our decision in *Lanehart:* namely, that correct application of the "leave with pay" statutes prevents any reduction in customary and regular pay. The claimed distinction between *Lanehart* and the present case on the ground that all the statutes to be interpreted are in Title 5, or even that the statutes were all enacted as part of the same act, is feckless. As in *Lanehart*, we are faced with reading statutes potentially in conflict with one another in attempting to achieve harmony therebetween. The difficulty of this task is not altered by their existence in the same title.

At oral argument, however, the government stressed the fact that Congress, when it wished, knew how to provide for premium compensation for hours spent on authorized leave, which it did in at least one section of Title 5. Citing 5 U.S.C. § 5545(a) (1988),[5] the government argued that the Sunday premium pay statute does not permit premium pay for hours not worked because the statute lacks language similar to that of section 5545(a). First, we note the possibility that explicit congressional language precluding premium compensation for hours of authorized leave, though not part of the "leave with pay" statutes, could work to prevent the appellees from prevailing in this case. Under the holding of *Lanehart*, however, namely that the "leave with pay" statutes prevent any reduction in pay for employees on authorized leave, we think the better reading of section 5545(a) is that Congress instead knows how to limit the amount of premium pay earned by an employee while on authorized leave, as evidenced by the language "if the periods of leave with pay during a pay period total less than 8 hours." In contrast, section 5546(a) contains no such limitation on the recovery of Sunday premium pay and therefore does not explicitly preclude such pay for authorized leave.

■ Also, as in *Lanehart*, the government's reliance on OPM's interpretations is to no avail. Ltr. 550–16 in this case, just as with Ltr. 551–5 Attach. 2 in *Lanehart*, expressly implements only the Sunday premium pay statute, and therefore as in *Lanehart*, does not aid our interpretation of the "leave with pay" statutes. Thus, consistent with and mandated by our decision in *Lanehart*, we hold as a matter of law that the appellees in this case are entitled to receive Sunday premium pay for hours regularly scheduled for work on Sunday, but which were not worked due to charged periods of authorized annual or sick leave.

The only other ground upon which we could upset the Claims Court's summary

---

4. "If [an employee] is on paid leave for the entire day, he is not entitled to the premium pay for Sunday work since he performed no work." Ltr. 550–16, at 3.

5. 5 U.S.C. § 5545(a) reads, in part:
... [N]ightwork is regularly scheduled work between the hours of 6:00 p.m. and 6:00 a.m., and includes—

\* \* \* \* \* \*

(2) periods of leave with pay during these hours if the periods of leave with pay during a pay period total less than 8 hours.

\* \* \* \* \* \*

[A]n employee is entitled to pay for nightwork at his rate of basic pay plus premium pay amounting to 10 percent of that basic rate....

judgment would be if there were genuine issues of material fact regarding whether the federal police worked "regularly scheduled" hours such that they would fall within the scope of this court's holding in *Lanehart*, 818 F.2d at 1583 n. 17 (work in question required to be scheduled on a "regularly recurring basis" to qualify as "part of customary and regular pay"). The government bases its factual challenge to the summary judgment solely on the language of several of the individuals' complaints, which state that they were scheduled for work on Sunday "from time to time."

Appellees' motion for summary judgment on this ground was accompanied by sworn declarations attesting to the fact that Sundays were part of the appellees' regularly scheduled workweek. This evidence was unrebutted by the government at the motion for summary judgment. Upon presentation of such evidence, the burden of avoiding entry of summary judgment shifts to the nonmovant to demonstrate that there is a genuine issue of material fact precluding entry of such a judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (summary judgment motion may be opposed by the nonmoving party by "any of the kinds of evidentiary materials listed in [Fed.R.Civ.P.] 56(c), except the mere pleadings themselves...."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Since this burden was not met by the government in this case, summary judgment was appropriate. "Regularly scheduled" furthermore need not be interpreted as requiring scheduling on every single Sunday of each month. Rather, all that the language requires is that the scheduling be "regular" as opposed to intermittent. Finally, no challenge is made to the determination by the Claims Court that "the material facts as to liability are undisputed." *Armitage*, 23 Cl.Ct. at 484.

### III

Because the "leave with pay" statutes of Title 5 preclude any reduction in pay for

hours regularly scheduled, but for which the employee is charged annual or sick leave, we affirm the judgment of the Court of Federal Claims.[6]

No costs.

AFFIRMED.

---

**6.** The United States Claims Court is now known as the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 1992 U.S.C.C.A.N. (106 Stat.) 4506, 4516.