**KEITH BUSSUE, LANNIE BUSSUE, MICHEL CHARLES AND VIRGIL WILLIAMS, Plaintiffs**

v.

**PARADISE MOTORS, INC., and DAILY NEWS PUBLISHING CO., INC., Defendants**

Civil No. 1991-155

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 10, 1994

181

■ ■ ■

## MEMORANDUM AND ORDER

This matter is before the Court on two motions for summary judgment by both defendants: one filed by the Daily News Publishing Co. Inc. ("Daily News") on Count One, joined by Paradise Motors, Inc. ("Paradise"), and the other filed independently by Paradise on Count Two.

Count One of the second amended complaint asserts that Paradise placed an advertisement in the Daily News which the plaintiffs claim revealed their confidential tax information. In connection with a labor dispute with Paradise, plaintiffs, who worked as mechanics or in the body shop of Paradise Motors, went out on strike. The advertisement was for mechanics and body shop persons who wanted to earn $30,000 or more a year. The advertisement was in the form of four W-2 forms in which the names of the employee's were deleted, but which the plaintiffs nevertheless assert invaded their rights to privacy by disclosing their physical addresses, social security numbers and annual wages for the 1990 fiscal year in violation of Restatement (Second) of Torts § 652D.

Count Two claims that Paradise breached its implied duty to at-will employees of fair dealing and good faith pursuant to Restatement (Second) of Contracts § 205 when it did not perform those duties in peace, without threats and arbitrary actions to terminate plaintiffs' employment. Plaintiffs' assert that Paradise continually abused, threatened, discriminated against and arbitrarily suspended plaintiffs in bad faith.

*The Standard of Review*

■ Summary judgment will be granted only if the moving parties demonstrate that no genuine issues exist as to any material facts, and that the moving parties are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is an extreme remedy which is not to be entered unless the movants have established their rights to a judgment with such clarity as to leave no room for controversy, and that the other parties are not entitled to recover under any discernible circumstances. Reed, Wible and Brown, Inc., v. Mahogany Run Development Corp., 550 F. Supp. 1095, 1098 (D.V.I. 1982). The Court must also view all reasonable inferences in the light most favorable

to the non-moving parties. Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985). Rule 56(c) of the Fed. R. Civ. P. further provides that an adverse party may not stubbornly rely upon allegations and denials in the pleadings when faced with materials showing the absence of triable issues of fact. See Armitage v. United States, 991 F.2d 746, 751 (Fed. Cir. 1993) citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

*The Daily News' Motion on Count One*

Plaintiffs assert in Count One that confidential tax records were published when physical addresses, social security numbers and annual wages for the 1990 fiscal year were improperly disclosed, thereby violating Restatement (Second) of Torts § 652D, which states:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

The Daily News in its motion for summary judgment, which Paradise has joined, asserts that the published information was not, in fact, private and therefore the information that was revealed would only be relevant if the reader had independent knowledge that would allow him or her to link the disclosed information to a particular individual and, further, that plaintiffs cannot carry their burden of proving actual damages. Therefore, the defendants contend they are entitled to summary judgment as a matter of law.[1]

■ The primary element plaintiffs must establish to prove Count One is that the advertisement gave "publicity" to private facts about the plaintiffs individually and specifically. Since the advertisement did not contain any of the plaintiffs' names, it did not identify any of them directly. From the pretrial discovery and Joint Final Pretrial Order it is clear that plaintiffs are not able to prove that persons who did not already know the plaintiffs were able to identify the plaintiffs just from the information in the advertisement. Plaintiffs' witnesses are all identified as persons who already

---

[1] The Daily News also asserts that it does not owe a duty of care which would require it to screen the advertisement that Paradise placed through its newspaper. In light of the Court's ruling, we need not reach this issue.

knew the plaintiffs before reading the advertisements and linked information in the advertisement with their independent knowledge in order to identify one or more of the plaintiffs.[2]

The Daily News cites to McNut v. New Mexico State Tribune Co., 88 N.M. 162, 538 P.2d 804 (1975) to support its proposition that an individual's home address is public information, and plaintiffs' do not contend that they have done anything to try to keep their addresses private, nor have they disputed that their home addresses are not public facts. In addition, the Court takes judicial notice that every Virgin Islands drivers license uses the driver's social security number as a part of the license identification. With respect to the compensation figures published, they were merely numbers and were not identified as belonging to any specific individual.[3] Accordingly, the plaintiffs have failed to show that the Daily News published, or Paradise caused to be published, any private facts about them.

■ Finally, the plaintiffs' burden of proving actual damages has already been determined by the Court's Order, in this case, of October 18, 1991. Based on defendants' unrebutted recitations from pretrial discovery of the plaintiffs' evidence of damages, the Court finds there is no basis upon which a jury could award damages for defendants' actions, even assuming that defendants would be found liable to the plaintiffs for invasion of privacy. Plaintiffs have no expert evidence to prove with reasonable certainty that plaintiffs suffered any physical or psychological or economic injury as a result of the advertisement. Since plaintiffs are unable to establish liability or damages on Count One, the defendants are entitled to summary judgment as a matter of law.

*Paradise's Motion on Count Two*

■ Count Two of the second amended complaint asserts that Paradise breached its implied duty of fair dealing and good faith to at-will employees under Restatement (Second) of Contracts § 205 when it continually abused, threatened, discriminated against and

---

[2] At least one of the plaintiffs acknowledged that the advertisement was about him when asked by an acquaintance.

[3] At least two of the four plaintiffs conceded that the information contained in the advertisement by itself, without the reader knowing them personally, would not identify them or reveal any aspect of their private life. Moreover, at least one of the plaintiffs conceded that his home address was not a private fact.

arbitrarily suspended plaintiffs in bad faith. Included in this Count is the allegation that these actions by Paradise had to do with the employment relationship between the plaintiffs and Paradise and that Paradise was retaliating against plaintiffs decision to strike. Second Amended Complaint ¶¶ 7 and 8 at 2, incorporated by reference in Count Two (No. 1991-155-15). It is undisputed that during this period plaintiffs were seeking certification as a collective bargaining unit at Paradise under the National Labor Relations Act ("NLRA").

Paradise moves for summary judgment on this second count on the ground that it is inextricably intertwined with the plaintiffs' organizing activities under the NLRA. Indeed, plaintiffs in their responsive Memorandum of Law in Support Count 2 of the Amended Complaint agree that

> In the sphere of employer/employee relations the National Labor Relations Act controls. The common law state remedy for the breach of the implied duty of good faith, Restatement (Second) of Contracts § 208, will not apply if the activity falls within the area that is controlled by the National Labor Relations Act. In Labor Bd. v. Washington Aluminum Co., 370 U.S. 9 (1962), the Supreme Court stated that there must be a labor dispute, which is one concerning terms, tenure or conditions of employment for the federal statute to preempt local laws.

Citing San Diego Unions v. Garmon, 359 U.S. 236 (1959). The Court finds that the issues raised in Count Two involve activities within the exclusive control of the National Labor Relations Act and are therefore preempted by that Act. Count Two must be dismissed for the same reasons recited in this Court's Order of October 18, 1991 dismissing the labor-related counts in the original complaint. Accordingly, it is hereby

ORDERED that the motions for Summary Judgment are hereby GRANTED and Judgment shall be entered in favor of the Daily News Publishing Co. Inc., and Paradise Motors, Inc., with costs to be awarded to the prevailing parties.