Richard J. CATHY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–326C.

United States Court of Federal Claims.

June 30, 1998.

Robert E. Bergman, Warner Robins, Georgia, for plaintiff.

Armando O. Bonilla and John S. Groat, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Di-

rector, and James M. Kinsella, Assistant Director, Washington, D.C., for defendant. Joginder S. Dhillion, Department of the Air Force, of counsel.

## OPINION

ANDEWELT, Judge.

### I.

In this military pay action, plaintiff, Richard J. Cathy, a former colonel in the United States Air Force, contends that the Air Force improperly forced plaintiff into early retirement effective October 1, 1994. Plaintiff unsuccessfully applied for relief from the Air Force Board for the Correction of Military Records (AFBCMR) pursuant to 10 U.S.C. § 1552(a). Plaintiff now seeks review of the AFBCMR decision and a reversal of his selection for early retirement, reinstatement to active duty, back pay, attorneys' fees, and costs. This action is before the court on the parties' cross-motions for summary judgment.

The dispute raised in the cross-motions centers on application of 10 U.S.C. § 638a, which, as described in more detail below, provides that to be eligible for consideration for selective early retirement, colonels must have served on active duty in the rank of colonel for at least two years. Herein, the Air Force did not promote plaintiff to the rank of colonel more than two years before the selection board recommended plaintiff for early retirement, but the effective date of plaintiff's retroactive promotion was more than two years before such recommendation. In his motion for summary judgment, plaintiff contends that the actual date of his promotion is determinative when applying the two-year requirement in Section 638a, and hence, he was not eligible and should not have been considered for early retirement. Defendant counters that in applying Section 638a, the determinative date is the effective date and not the actual date of the promotion and therefore, that the selection board properly considered plaintiff for selective early retirement. For the reasons set forth below, the court concludes that defendant's interpretation of Section 638a is reasonable and hence, defendant's motion for summary judgment is granted and plaintiff's cross-motion is denied.

### II.

The material facts are not in dispute. In response to being passed over for a promotion from the rank of lieutenant colonel to the rank of colonel, plaintiff contested certain evaluations contained in his "Officer Effectiveness Reports" (OERs). In response to plaintiff's complaints, the AFBCMR ordered certain changes to plaintiff's OERs and directed that a Special Selection Board consider plaintiff for promotion to the grade of colonel. The Special Selection Board ultimately recommended plaintiff for promotion and on October 15, 1992, the Secretary of the Air Force granted plaintiff a promotion to the rank of colonel "with a date of rank and effective date of 1 Nov 1989." In January 1994, more than two years after the effective date of plaintiff's retroactive promotion but less than two years after plaintiff actually attained that rank, the Selective Early Retirement Board recommended plaintiff for selective early retirement, effective October 1, 1994.

After receiving notice of his impending retirement, in March 1994, plaintiff made a series of requests seeking relief from the AFBCMR. Plaintiff protested that in selecting him for early retirement, the Selective Early Retirement Board relied upon Officer Performance Reports (OPRs) that failed to reflect plaintiff's retroactive promotion to colonel. The OPRs listed plaintiff as a lieutenant colonel rather than a colonel from November 1, 1989, the retroactive date of the promotion, through October 15, 1992, the actual approval date of the promotion. Plaintiff asked the AFBCMR to correct his OPRs for this period to reflect the rank of colonel. Thereafter, based on this request for correction, plaintiff filed an amendment to his original AFBCMR application in which he requested reconsideration of his selection for early retirement. The AFBCMR acquiesced to both the correction and the request for reconsideration.

In his original application, plaintiff had also requested that his OPRs contain no indication of any corrections. The Air Force

agreed to omit the annotations reflecting any changes from the OPRs that it would present to the Special Selection Board convened to reconsider plaintiff's section for early retirement. For administrative reasons, however, the Air Force refused to delete the annotations from plaintiff's permanent OPRs.

In a May 9, 1994, amendment to his request for relief, plaintiff asked the AFBCMR to void from his records his selection for early retirement. Plaintiff argued, *inter alia*, that his selection for early retirement was improper given that he had actually served as a colonel for less than two years. In rejecting this request, the AFBCMR relied upon the recommendation and rationale of the Chief of the Force Reduction Branch of the Air Force Directorate of Personnel Program Management, who explained his conclusion that plaintiff had served the requisite time as colonel to be considered for early retirement as follows:

a.... When applicant submitted his request for correction of his records insofar as his grade was concerned, he was well aware of the conduct of the Air Force [Selective Early Retirement Board] and the fact that colonels as well as lieutenant colonels were eligible for consideration. One of the natural repercussions of receiving a backdated date of rank is the fact that one would not have corresponding performance reports in the new grade; the record would continue to show actual duty history and applicable performance reports to that particular duty. By requesting and receiving Special Selection Board consideration and ultimately promotion to colonel, applicant received both the benefits and risks of the higher grade.

b. We recognize that our appeals system is not perfect in being able to turn back the clock to make everything appear as it should look from the date of the retroactive promotion; but substantial monetary benefits have been granted to the applicant in terms of backpay and allowances in the grade of colonel. If applicant had, in fact, originally been promoted with his present date of rank, he would have already faced the risk of being considered by two [Selective Early Retirement Board] (and perhaps should retroactively be considered by [a Special Selection Board] for that earlier [board]). His promotion cohort year group had previously been considered for early retirement by the FY92–93 Colonel [Selective Early Retirement Board]. The FY92–93 [board] which he missed and the FY94B [board] which selected him had quotas of 30% of the eligible population and selected the full quota.

### III.

The statutory authority for a selection board to recommend a regular officer on the active-duty list for selective early retirement is contained in 10 U.S.C. §§ 638 and 638a. Section 638 provides that an officer on the active-duty list who has served in the grade of colonel for at least four years may be considered for early retirement. Section 638(a)(1) defines eligibility for early retirement as follows:

A regular officer on the active-duty list of the ... Air Force ... may be considered for selective early retirement by a selection board convened under section 611(b) of this title if the officer is described ... as follows:

\* \* \* \* \* \*

(B) An officer holding the regular grade of colonel ... who has served at least four years of active duty in that grade and whose name is not on a list of officers recommended for promotion.

As part of the downsizing of the military after the conclusion of the Cold War, Congress enacted Section 638a, which provides that for a nine-year period, beginning October 1, 1990, an officer who has served in the grade of colonel for at least two years, rather than four years, is eligible for selective early retirement. Section 638a(b)(2) provides:

[R]egular officers on the active-duty list may be considered for early retirement by a selection board convened under section 611(b) of this title in the case of officers described ... as follows:

\* \* \* \* \* \*

(B) Officers in the regular grade of colonel ... who would be subject to

consideration for selection for early retirement under section 638(a)(1)(B) of this title except that they have served on active duty in that grade less than four years (but not less than two years).

Hence, pursuant to Section 638a, plaintiff was eligible for selective early retirement if he had "served on active duty [in the grade of colonel for] not less than two years."

The determinative issue underlying the parties' cross-motions for summary judgment therefore is whether the reference to "served on active duty" refers to plaintiff's actual service in rank, which commenced on the date plaintiff actually received his retroactive promotion, or refers instead to plaintiff's service in rank as reflected in plaintiff's military records, which would include as part of plaintiff's service his "constructive service" as colonel between the effective date of his retroactive promotion, November 1, 1989, and the date plaintiff actually became a colonel, October 15, 1992. Plaintiff makes the straightforward argument that he could not have served on active duty as a colonel before he actually received his promotion to that grade. Defendant makes the alternative argument that the time of service in rank should be measured from the effective date rather than the actual date of the promotion. Although plaintiff's argument has significant initial appeal, upon review of related statutory provisions, defendant's alternative argument appears reasonable. Because the Air Force is charged with administering Section 638a, and because the statutory scheme herein does not unambiguously resolve the issue, the court must defer to defendant's reasonable interpretation of the statute. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute").

### IV.

Support for defendant's interpretation of Section 638a is found in the statutory references to the "active-duty list" and the use of that list by the Secretary and derivatively by the Selective Early Retirement Board. The statutory scheme requires the Secretary of the Air Force to submit to the selection board a list of officers to be considered for early retirement. Sections 638 and 638a provide guidelines governing the compilation of this list and refer the Secretary to the "active-duty list." ("A regular officer on the active-duty list . . . may be considered for selective early retirement.") The active-duty list is "a single list of all officers . . . who are on active duty." 10 U.S.C. § 620(a). Section 620 prescribes the order in which officers' names appear on the active duty list as follows:

(b) Officers shall be carried on the active-duty list . . . in the order of seniority of the grade in which they are serving on active duty. Officers serving in the same grade shall be carried in the order of their rank in that grade.

Pursuant to 10 U.S.C. § 628(d)(2), when a special selection board promotes an officer who was previously erroneously passed over for promotion, the officer "shall, upon such promotion, have the same date of rank, the same effective date for the pay and allowances of that grade, and the same position on the active-duty list as he would have had if he had been recommended for promotion to that grade by the board which should have considered, or which did consider, him." Consequently, in assessing a colonel's seniority and hence the colonel's position on the active-duty list, it is not the date the officer actually received the promotion to the grade of colonel that is determinative but rather the effective date of that promotion.

With respect to the Air Force's use of the active-duty list in selecting officers for early retirement, 10 U.S.C. § 638(e)(2)(A) provides:

(A) [The regulations prescribed by the Secretary of Defense] shall require that when the Secretary of the military department concerned submits a list of officers to a selection board convened under section 611(b) of this title to consider officers for selection for early retirement under this section, such list . . . shall include each officer on the active-duty list in the same grade and competitive category whose po-

sition on the active-duty list is between that of the most junior officer in that grade and competitive category whose name is submitted to the board and that of the most senior officer in that grade and competitive category whose name is submitted to the board.

Hence, the Secretary does not enjoy absolute discretion in constructing the list of officers for consideration by the selection board but rather must include all officers who fall within a particular range on the active-duty list. As described above, the effective date of the promotion to the grade of colonel rather than the date the officer actually received the promotion determines both whether an individual is on the active-duty list and the individual's position on that list. Consequently, the list presented to the selection board essentially inherits from the active-duty list a focus on the effective rather than the actual promotion date.

The statutory provisions mentioned above do not state directly that all officers whose names appear on the Secretary's list are eligible for early retirement. Thus, theoretically, the selection board could delete from that list the names of those officers it deems ineligible, including perhaps colonels with less than two years of actual service in that rank.[1] Implicitly, however, such threshold eligibility determinations seem to be reserved for the Secretary. Section 638, which sets forth the general rules for selective early retirement, includes a requirement that the Secretary exempt from the list those officers already scheduled for voluntary or involuntary early retirement. *See* 10 U.S.C. § 638(e)(2)(B). The absence of an analogous exception in that or any other subparagraph for officers whose position on the active-duty list stems from a retroactive promotion would suggest that such officers are not entitled to automatic exclusion.

Moreover, the use of the word "eligible" in Section 638a(c)(3) suggests that all officers named on the list presented to the selection board are eligible for early retirement. Section 638a(c)(3) provides:

In the case of an action under subsection (b)(2) [which includes the retirement of colonels who have served two to four years on active duty], the Secretary of the military department concerned may submit to a selection board convened pursuant to that subsection—

   (A) the names of all *eligible* officers described in that subsection in a particular grade and competitive category; or

   (B) the names of all *eligible* officers described in that subsection in a particular grade and competitive category who are also in particular year groups, specialties, or retirement categories, or any combination thereof, within that competitive category.

(Emphasis added.) Read together with Section 638(e)(2)(B), this section seems to indicate that unless stated exceptions apply, eligibility for selective early retirement depends entirely on an individual's position on the active-duty list. Such a conclusion is consistent with defendant's argument that the selection board is not precluded from selecting for early retirement officers whose position on the active-duty list derives from retroactive promotions.

## V.

Perhaps the strongest argument favoring plaintiff's contrary contention that Congress insisted on an officer having actually served in the rank of colonel for at least two years before being eligible for consideration for selective early retirement is the policy argument that in enacting Section 638a, Congress reasonably must have intended to create a safe harbor that would allow every colonel at least two years in rank to develop and/or demonstrate leadership abilities. Such a safe harbor would recognize the inherent difficulty of assessing an officer's value as a colonel or his or her potential for a higher rank if the officer has not had a reasonable amount of time within which to perform the tasks associated with the rank of colonel. Plaintiff, however, has not pointed to any statement in the legislative history that suggests that the

---

1. Determining that an officer is not eligible because he or she has not served at least two years of actual service would be particularly difficult if the selection board were confronted with records, like that of plaintiff here, devoid of any indication that a promotion was retroactive.

time requirements in Sections 638 and 638a were intended to provide such a safe harbor.[2] There is at least one other possible explanation for these time requirements—Congress may have intended to ensure that officers who serve in the rank of colonel receive at least two years of pay at that rank.

Plaintiff contends that in selecting officers for consideration, the board could not have "fairly and justly" compared plaintiff with his equals in rank because, as a result of his delayed promotion, plaintiff did not have the same opportunities as his peers to develop and demonstrate his abilities as a colonel. In response, first, as the Chief of the Force Reduction Branch explained, there are both benefits and detriments that inherently result from a request for a retroactive promotion. On the one hand, a retroactive promotion includes the advantages of back pay in the higher grade and a more senior position on the active-duty list which produces the potential for better assignments. On the other hand, a retroactive promotion results in an officer being eligible sooner for selective early retirement. Plaintiff in effect chose to request such a retroactive promotion and thus arguably accepted the increased risk of selective early retirement.

Second, and perhaps more fundamentally, a retroactively promoted colonel is not necessarily disadvantaged from less time in rank than those officers with whom he or she is compared for selective early retirement. Promotion to a particular rank does not guarantee immediate reassignment to work commensurate with that rank. Moreover, in selecting the best candidates for retention, the selection board considers an officer's entire record rather than simply comparing the level of experience at a particular rank. Therefore, the selection board would not necessarily prefer officers with more colonel-level experience to those officers with less colonel-level experience who have performed in an exemplary manner tasks generally associated with a lower grade. Nor should the selection board view adversely an officer having been promoted on a retroactive basis.

Indeed, if an officer's record reveals that the officer has demonstrated a certain level of skill despite not having had two full years of actual duty as a colonel, the selection board reasonably could consider that as a positive factor when comparing the officer to other officers also eligible for early retirement. Based on a consideration of the potential policy arguments that may have been behind Congress' actions, the court simply cannot conclude that defendant's proposed interpretation of Section 638a operates so unfairly to officers promoted retroactively so as to warrant the conclusion that Congress intended an interpretation different from defendant's proposed interpretation which related statutes support.

## VI.

Summary judgment is warranted where there is no dispute as to any material issue of fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Herein, there is no dispute as to any material fact and the sole issue in dispute involves an issue of law—the proper interpretation, in the context of a retroactive promotion, of the phrase in Section 638a "served on active duty [in the grade of colonel for] ... not less than two years." As described above, when the entire statutory scheme is reviewed together, the Air Force's interpretation of the term "service" is reasonable and hence, under *Chevron*, 467 U.S. at 843–44, 104 S.Ct. 2778, this court must defer to that interpretation.

### Conclusion

For the reasons set forth above, defendant's motion for summary judgment is granted and plaintiff's cross-motion is denied. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

---

**2.** Plaintiff's reliance on *Finkelstein v. United States*, 29 Fed.Cl. 611 (1993), is misplaced. That case arose from a different set of circumstances and is governed by different statutes and regulations.