**Richard J. CATHY, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 98–5151.**

United States Court of Appeals,
Federal Circuit.

Aug. 13, 1999.

---

Robert E. Bergman, Warner Robins, Georgia, argued, for plaintiff-appellant.

Armando O. Bonilla, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for defendant-appellee. With him on the brief were David M. Cohen, Director, and James M. Kinsella, Assistant Director. Of counsel was Anthony H. Anikeeff, Attorney.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

CLEVENGER, Circuit Judge.

Richard J. Cathy (Cathy), a retired colonel in the Chaplain Corps of the United States Air Force, appeals from the summary judgment of the United States Court of Federal Claims in favor of the government. *Cathy v. United States*, 41 Fed. Cl. 547 (1998). We affirm.

I

Cathy's complaint seeks reversal of his involuntary selection for early retirement, reinstatement to active duty, back pay, attorneys' fees and costs. The facts that prompt his complaint are not in dispute.

Cathy initially was passed over for promotion from lieutenant colonel to colonel. He contested his nonselection, asserting that certain erroneous officer effectiveness reports laid the predicate for his nonselection. The Air Force Board for Correction of Military Records (AFBCMR) agreed with Cathy, corrected his records, and caused his candidacy for promotion to be reconsidered by a special selection board. A special selection board determined that Cathy deserved promotion to the rank of colonel. On October 15, 1992, the Secretary of the Air Force granted Cathy the promotion he sought, with the date of rank and effective date of November 1, 1989. Consequently, Cathy was awarded a retroactive promotion to the date upon which he would have been promoted, had he been selected, instead of nonselected, for promotion in the first place. This result is dictated by statute, which requires that an officer promoted as a result of the recommendation of a special selection board "shall, upon such promotion, have the same date of rank, the same effective date for the pay and allowances of that grade, and the same position on the active-duty list as he would have had if he had been recommended for promotion" in the first instance. 10 U.S.C. § 628(d)(2) (1994). For the period from November 1, 1989, until October 15, 1992, Cathy received the pay and benefits of the rank of colonel even though he had not actually performed in active duty in that rank.

Under statutory authority, *see id.* §§ 638, 638a, the Secretary of the Air Force on January 24, 1994, convened a Selective Early Retirement Board (SERB) to consider and recommend the mandatory early retirement of a specified number of colonels serving in the Chaplain Corps. The list of officers to be considered for mandatory early retirement must include "each officer on the active-duty list in the same grade and competitive category" whose position on the active-duty list lies between the most junior and most senior officer on the list submitted to the SERB. *Id.* § 638(e)(2)(A).

The active-duty list is "a single list of all officers ... who are on active duty ...," *id.* § 620(a), and "[o]fficers shall be carried on the active-duty list ... in the order of seniority of the grade in which they are serving on active duty." *Id.* § 620(b). According to 10 U.S.C. § 628(d)(2), as we noted above:

> An officer who is promoted to the next higher grade as the result of the recommendation of a special selection board ... shall, upon such promotion, have the same date of rank, ... and the same position on the active-duty list as he would have had if he had been recommended for promotion to that grade by the board which should have considered, or which did consider, him.

Long-standing Air Force Regulations (AFR) also specify that a person's placement on the active-duty list is determined by the order of seniority in the grade. *See* AFR 36–89, (A)3–1 (6 June 1990) (officer's date of rank is sole criterion used in deter-

mining position on the active-duty list). Active as well as constructive service thus dictates placement on the active-duty list. As a result of his retroactive promotion to colonel, the Air Force was required to give Cathy seniority in grade as a colonel on the active-duty list effective on November 1, 1989. When an officer is retroactively promoted upon recommendation of a special selection board, his position on the active-duty list is thus dictated by the effective date of his promotion, not the date the officer actually received the promotion.

Cathy's name appeared on a list of active duty officers to be considered for selective early retirement. In due course, the SERB concluded that Cathy be selected for mandatory early retirement. After unsuccessfully seeking relief from the AFBCMR, Cathy brought suit in the Court of Federal Claims. In a thorough and well-reasoned opinion, upon which we draw below, the court on cross motions for summary judgment rejected Cathy's complaint. Cathy timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(3) (1994).

## II

The only issue in this case is one of statutory interpretation, which we review independently. *See Weddel v. Secretary of Health & Human Servs.*, 100 F.3d 929, 931 (Fed.Cir.1996). The issue concerns 10 U.S.C. §§ 638(a)(1)(B) and 638a(b)(2)(B), which provide that officers in the grade of colonel can only be considered for early retirement by a SERB if they have "served on active duty" in that grade for at least two years.[1]

---

1. Pursuant to 10 U.S.C. § 638(a)(1)(B), only those officers in the rank of colonel who served on "active duty" for at least four years are eligible for early retirement selection by a SERB. Congress added 10 U.S.C. § 638a(b)(2)(B) in 1990, effectively replacing the four-year service minimum with a two-year minimum. The language in section 638a(b)(2)(B) mandating this change in eligibility provides that regular officers in the regular grade of colonel who are on the active-duty list may be considered for early retirement by a SERB so long as they "would be subject to consideration for selection for early

retirement under section 638(a)(1)(B) of this title except that they have served on active duty in that grade less than four years (but not less than two years)." The retroactive effective date of Cathy's promotion was November 1, 1989, and the SERB that considered his case met in January 1994, 50 months later. Thus, if constructive service counts as "active duty" service, Cathy has not met the criteria of Section 638a(b)(2)(B). Any error in the decision below based on this technical point is harmless, of course, since Section 638(a)(1)(B) covers Cathy's case. As dis-

We must decide, in the setting of this case, whether the words "served on active duty" are restricted to those persons who actually engage in active duty, or whether the phrase also includes those who, while not actively engaging in duty, are treated for other significant purposes as if they were engaging in active duty. In a nutshell, does "served on active duty" include time served constructively on active duty?

The issue is dispositive of Cathy's case, for it is undisputed that he had not actually served, wearing the uniform of a colonel, for a full two years before he was selected for early retirement. It is no less undisputed, however, that Cathy had enjoyed the benefits of the colonel rank since November 1, 1989, more than two years before the SERB selected him for mandatory retirement.

Cathy posits that the words of the statute mean what they say, in simple English: namely, that "serve" means "act as," or "perform," and thus that only officers with a minimum of two actual, real, in-uniform years of service as colonels can be subjected to SERB review. The government does not deny that "served on active duty" includes real, live, actual service; it cautions that, in the setting of a retroactively promoted officer such as Cathy, the interpretation of the key words must be harmonized with the matrix of statutes that create the active-duty list, special selection boards, SERBS, and the obligations of the Secretary when creating lists of officers to meet a SERB. In short, the government contends that the words "served on active duty in that grade" are broader than actual service, and embrace constructive service as well.

The key words in section 638a—"served on active duty in that grade"—are capable of bearing either the narrow "actual" duty sense argued by Cathy, or the broader "actual and constructive" sense urged by the government. Congress, however, has not indicated in section 638a which of the meanings is correct.

## III

Turning to the parties' arguments on the statutory issue, we can easily accept the view that "served on active duty in that grade" includes actual, real-life service. But is the term limited to that meaning? Cathy contends that the statute restricts its meaning to actual service. His argument is exclusively built on his ordinary-language meaning of "served" to mean "performed," as in actual duties. That much, we can accept. But his meaning for the word cannot explain why he has received pay, and other significant benefits, such as accruals for retirement at that grade, for serving as colonel, when he in fact did not "serve" actually as a colonel. We think it reasonable to consider Cathy to have "served on active duty" as colonel from November 1, 1989, in order to warrant receipt of the benefits of that rank.

We do not reject Cathy's plain meaning argument for this reason alone. We conclude that the government must prevail in this interpretation endeavor, because its view of the statute provides harmony with the statutes that come into play when an officer achieves promotion through the auspices of a special selection board, gains retroactive promotion, and then meets a SERB. The interpretation of the statute urged by the government, embedded in its long-standing regulation and practice, is reasonable.

## IV

As we explained above, the Secretary, when composing a list of officers to send to a SERB, must, as a matter of statutory compulsion, draw his group from the active-duty list. *See* 10 U.S.C. § 638(e)(2)(A)

cussed in the text below, the essential question under both statutory provisions remains in any event whether "served on active duty" includes constructive service. For convenience, we consider the statutory meaning of the language in Section 638a, "served on active duty in that grade," and consider our interpretation applicable to the comparable language in Section 638.

(1994). The active-duty list, by statutory definition, simply speaks of officers "on active duty." The active-duty list, however, must include on it officers with dates of rank that are not actual, or real, dates of rank. *See id.* § 628(d)(2). Such officers are those like Cathy, who have achieved promotion retroactively at the recommendation of a special selection board. Those officers are required to be placed on the active-duty list constructively, to earn them all the rights and benefits they would have enjoyed had they been selected as of the effective date of their promotion. Why, we may ask, if "active duty" cannot include constructive duty, would Congress require the Secretary to put on the active-duty list an officer who had not actually served actively from the date shown on the active-duty list? When the pertinent statutes are read together, we think it clear that Congress meant for "served on active duty in that grade" in section 638a to include such service that would demand pay and other benefits, as well as actual service. Our construction of the statute is bolstered further by the fact that the legislative history of the 1990 changes in the statute, leading to enactment of Section 638a, shows that Congress intended by those changes to "expand the class of regular officers on active duty ... who may be selected for early retirement" to include colonels "who have two or more years of service in that grade." H.R.Rep. No. 101–665, at 275 (1990), *reprinted in* 1990 U.S.C.C.A.N. 2931, 3000. This statement of congressional intent is in accord with the inclusion of constructive service in determining officer eligibility to meet a SERB based on the number of years served "on active duty."

Cathy's exclusive argument is that the statute must be restricted to the narrow meaning of "served." He did not come to grips, either in his briefs or at oral argument, with the statutes that compelled the Secretary to include Cathy on the active-duty list of candidates that visited his SERB. In short, he has no legal answer to why the statute should not be given the broader meaning, other than to say simply that the narrower meaning should prevail.

Finally, we note, but consider unpersuasive, Cathy's policy-driven argument, namely that it is unfair to subject a colonel with less than two real years of colonel service to the risk of expulsion by a SERB's recommendation. The argument assumes that Congress could not have intended to make a colonel with constructive time adding up to two years compete for retention with other colonels who enjoyed two full years of actual colonel service. Cathy argues that such competition creates an unlevel playing field that may result in a colonel being compared essentially with a lieutenant colonel. We, as did the trial court, reject this policy argument as a basis for choosing the narrow construction of the statute. In the first place, nothing in the legislative history of the pertinent statutes indicates that Congress intended the two-year rule to provide a safe haven for those who must meet SERBs, guaranteeing them at least two years of real service in colonel rank before exposure to the risk of a SERB. The absence of any such safe haven can be understood in the context of how SERBs operate. They are called upon to review the entire record of an officer, not simply his career as a colonel, in deciding whether the officer should be forced to early retirement. Furthermore, when one is advanced in rank to colonel, nothing requires the officer to gain colonel-rank duties immediately. It is possible that a colonel with two or more years of actual service as a colonel may have a record with less actual time of colonel service than was shown on Cathy's record. We thus cannot rule in Cathy's favor on the basis of his less-than-convincing policy argument.

## CONCLUSION

■ We thus conclude that service on active duty as referenced in 10 U.S.C. §§ 638 and 638a includes both actual and constructive service. The judgment of the

Court of Federal Claims is, therefore, affirmed.

### COSTS

No costs.

### *AFFIRMED*