Bruce E. ABBOTT, et al, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 98–5180.

United States Court of Appeals,
Federal Circuit.

Feb. 9, 2000.

Michael T. Leibig, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, P.C., of Washington, DC, argued for plaintiffs-appellants. With him on the brief was Aaron M. Nisenson.

Domenique Kirchner, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were David W. Ogden, Acting Attorney General, and David M. Cohen, Director. Of counsel on the brief was Andrea Hagan, Office of Chief Counsel, United States Secret Service, of Washington, DC.

Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and RADER, Circuit Judge.

SMITH, Senior Circuit Judge.

Bruce E. Abbott, et al., appeal the grant of summary judgment by the United States Court of Federal Claims in favor of the defendant-appellee ("Government"),

wherein the court held, among other things, that the Uniformed Division of the United States Secret Service ("UD") does not unlawfully diminish "Roll–Call pay" when members of the UD take approved leave. *See Abbott · v. United States,* 41 Fed.Cl. 553 (1998). We affirm the judgment of the Court of Federal Claims, although on alternate grounds.

## Issue

The single issue addressed in this appeal is whether the Court of Federal Claims erred in holding, on summary judgment, that the Government does not unlawfully diminish "roll-call pay" when UD members take approved leave.

## Background

Appellants are 557 current and former federal law enforcement officers and sergeants of the UD. Members of the UD are assigned to protect the President, Vice President, and their immediate families; the White House and its grounds; the Treasury Building and its grounds; the official residence of the Vice President and its grounds; and foreign diplomatic missions in the United States, its territories, and possessions. *See* 3 U.S.C. § 202 (1994).

Pay administration for the UD is covered by Title 4 of the Code of the District of Columbia ("D.C.Code"), the federal leave with pay statutes, 5 U.S.C. § 6301 et seq. (1994), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (1994). Members of the UD are entitled to have their overtime pay computed under Title 4 of the D.C.Code and the FLSA, and are paid under the authority that provides the greater compensation.

Members of the UD are regularly scheduled to work an eight-hour basic workday, five times each week, resulting in a basic workweek of 40–hours. *See* D.C.Code Ann. § 4–1104(a) (1994). Members are also required to report for "roll-call" activities at the start of each workday, for a maximum of one-half hour. *See id.* § 4–1104(a)(6) (roll-call time is used for checking attendance and other preparation for the daily tour of duty). Therefore, over the course of a two-week period, members who work full time are scheduled to be on duty for 85 hours.

The D.C. Code provides that "roll-call time shall be. without compensation or credit to the time of the basic workweek." *Id.* § 4–1104(b). The DC Code also excludes roll-call time from "overtime" compensation. *See id.* § 4–1104(c).

■ "Hours of work" for FLSA overtime purposes includes regular hours and roll-call time,[1] but does not include paid absences. *See* 29 U.S.C. § 207(e)(2). Thus, when members work overtime, their compensation as computed under the FLSA includes their regular rate for all hours worked up to 85.5,[2] and the overtime rate of time and a half for all hours over 85.5. Members who do not work overtime are not compensated for their 5 hours of biweekly roll-call time.

When a member of the UD takes approved leave (annual leave, sick leave or administrative leave), the hours spent on leave are not counted in determining whether overtime has been worked. *See* 29 U.S.C. § 207(e)(2). As a result, a mem-

---

1. Under the FLSA, roll-call time must be credited as hours worked because it is "time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency." 5 C.F.R. § 551.401(a) (1994). However, roll-call time need not be considered hours of work under any other pay authority, including the D.C.Code. *See id.* § 551.401(d).

2. A member of the UD who works overtime and who does not take approved leave will reach the FLSA overtime threshold of 85.5 hours, and may be compensated for his 5 hours of roll-call time at his regular pay rate pursuant to the FLSA. However, if such member's compensation would be greater under the D.C.Code provisions, then the member's pay will not include compensation for the roll-call hours. *See* D.C.Code Ann. § 4–1104(b) (1994).

ber who works an extra shift during a pay period, but takes a basic workday of leave during the same pay period, will not be compensated for his roll-call time because his time worked will not reach the 85.5 hour FLSA overtime threshold.

### Facts

Originally, three different complaints were filed in the Court of Federal Claims alleging violations of the federal pay statutes by the UD, including a claim that the UD unlawfully diminishes roll-call pay when members take approved leave. *See Abbott v. United States*, No. 94–651C; *Acosta v. United States*, No. 95–475C; *Adams v. United States*, No. 96–92C. On March 15, 1996, the Court of Federal Claims consolidated *Acosta* and *Adams* with *Abbott*.

Before the Court of Federal Claims, plaintiffs-appellants contended that the UD, in violation of *Lanehart v. Horner*, 818 F.2d 1574 (Fed.Cir.1987), reduces this 5 hours of roll-call compensation when members take approved leave. *See Abbott*, 41 Fed.Cl. at 566. Plaintiffs-appellants also contended that members receive compensation for roll-call time that constitutes "customary and regular pay" under *Lanehart* whenever they work overtime. Plaintiffs-appellants argued that roll-call credit is illegally reduced when members take approved leave, and that *Lanehart* requires that they receive their "customary and regular" roll-call credit of 5 hours biweekly when they take leave during the pay period. *See Abbott*, 41 Fed.Cl. at 566–67.

On cross-motions for summary judgment, the Court of Federal Claims granted summary judgment in favor of the Government in regard to the roll-call claim. *See id.* at 567. The court found that while each of the members of the UD worked some overtime in most pay periods, the records proffered by plaintiffs showed no regularity in the amount of overtime

worked. Specifically, the court found that the overtime worked by members of the UD is irregularly performed, not regularly recurring, and thus outside the scope of *Lanehart*. *See Abbott*, 41 Fed.Cl. at 564. The court also found that members were not paid for their roll-call time in biweekly pay periods in which they worked overtime and took no leave, and therefore they were not entitled to pay for their roll-call time in biweekly pay periods in which they worked overtime and took some leave.[3] *See id.* at 566–67.

### Jurisdiction and Standard of Review

This court has jurisdiction over an appeal from a final judgment of the Court of Federal Claims. *See* 28 U.S.C. § 1295(a)(3) (1994). "We review a grant of summary judgment completely and independently, construing the facts in the light most favorable to the non-moving party." *Good v. United States*, 189 F.3d 1355, 1360 (Fed.Cir.1999). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Armitage v. United States*, 991 F.2d 746, 748 (Fed.Cir.1993).

■ The issue of statutory interpretation is also a question of law, which we review completely and independently. *See Cathy v. United States*, 191 F.3d 1336, 1338 (Fed.Cir.1999).

### Roll–Call Pay

■ On appeal to this court, appellants contend that because officers are entitled to compensation for roll-call time when they work overtime in a pay period, and since it is "customary and regular pay," the UD violates the leave with pay statutes, as interpreted in *Lanehart*, by reducing an officer's roll-call pay when leave is taken. Thus, appellants argue that the Court of Federal Claims erred in granting summary judgment to the Government on

---

**3.** The Government in its brief admits that this finding is erroneous, and urges this court to affirm the Court of Federal Claims on alternate grounds.

the roll-call claim and that the court's decision must be reversed.

The Government counters that *Lanehart* is not violated by the UD's pay system for the following three reasons: (1) members of the UD do not work any regularly scheduled overtime, and therefore, fail to satisfy the "normal and regular pay" requirement of *Lanehart;* (2) even when members receive compensation for roll-call time under the FLSA, such pay is not part of the "normal and regular compensation" of the members; and (3) members are not charged leave for overtime hours that they do not work. The Government also argues that the Court of Federal Claims' factual error does not require reversal because the court's judgment can be affirmed on the alternate grounds set forth above.

This court has previously concluded "that 'pay' as used in the 'leave with pay' statutes has consistently been construed for more than a century as encompassing the total compensation or remuneration normally and regularly received by an employee." *Lanehart,* 818 F.2d at 1581. We have interpreted the "leave with pay" statutes of Title 5 as precluding any reduction in pay for hours regularly scheduled, but for which the employee is charged annual or sick leave. *See Armitage,* 991 F.2d 746, 751; *see also Lanehart,* 818 F.2d at 1583 (holding that the "leave with pay" statutes in their purpose and effect prevent any reduction in the customary and regular pay of federal employees, including overtime pay under the FLSA to which they would be entitled, when such employees are on authorized leave).

In *Lanehart,* we held that the appellants, federal firefighters who were regularly scheduled to work 144 hours biweekly, were entitled to be paid at the overtime rate when they took approved leave for their regularly scheduled overtime. The basis of our holding in *Lanehart* is that the firefighters' regular biweekly work schedule included 38 hours of scheduled overtime. *See Lanehart,* 818 F.2d at 1576. In addition, the firefighters earned leave when they worked the regular overtime and were required to subtract from the 38 hours when they took approved leave. *See id.* at 1576 n. 8. Since overtime pay was part of the firefighters' "customary and regular pay," the leave with pay statutes required that it not be reduced when the firefighters took approved leave. *See id.* at 1583. Therefore, we held that the firefighters were entitled to their regular overtime pay in biweekly pay periods in which they took approved leave. *See id.*

In the instant case, we find that appellants' reliance on *Lanehart* is misplaced. We agree with the Government that members of the UD do not work regularly scheduled overtime, and therefore pay for their overtime and for roll-call time is not part of their "normal and regular" compensation under *Lanehart.* The Court of Federal Claims correctly found that the overtime hours worked by members of the UD is "irregularly performed" and "not regularly recurring," and that while each member works some overtime in most weeks, there are several weeks in each year in which a member works no overtime.

The record before us indicates that overtime generally cannot be scheduled more than a couple of days in advance because of the changing protective demands placed upon the UD. Thus, unlike the firefighters in *Lanehart* or the officers in *Armitage,* compensation for overtime is not part of the "customary and regular pay" of members of the UD. Since members only receive compensation for roll-call time in weeks that they work overtime, and then only if their compensation as computed under the FLSA exceeds the amount computed under the D.C.Code, we hold that compensation for roll-call time does not meet the "customary and regular pay" standard of *Lanehart.* Further, unlike *Lanehart* or *Armitage,* the D.C.Code expressly excludes roll-call time from compensation or credit to the time of the basic workweek for members of the UD. *See* D.C.Code Ann. § 4–1104(b).

Because we affirm the decision of the Court of Federal Claims on the grounds that compensation for overtime and roll-call time does not constitute "customary and regular pay" under *Lanehart* or the D.C.Code, we do not address whether collateral estoppel bars assertion of the *Lanehart* issue by plaintiffs-appellants who were also plaintiffs in *Amshey v. United States*, 26 Cl.Ct. 582 (1992).

### Conclusion

For the reasons given above, the judgment of the Court of Federal claims is

*AFFIRMED.*

### Costs

Each party to bear its own costs.